UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF MISSISSIPPI

NORTHERN DIVISION

| | |
|---|---|
| SENECA INSURANCE COMPANY, INC. | CIVIL ACTION NO.  3:20-cv-526-HTW-LRA |
| VERSUS | JUDGE |
| RREAF HOLDINGS, LLC and BRADFORD BYRAM, LLC | MAGISTRATE |

## COMPLAINT FOR DECLARATORY RELIEF

COMES NOW, Petitioner, Seneca Insurance Company, Inc. ("Seneca"), which would respectfully show this Court as follows:

### I.
### PARTIES

1.      Petitioner, Seneca Insurance Company, Inc., is a corporation organized under the laws of the State of Delaware with its principal place of business in New York.

2.      Defendant, RREAF Holdings, LLC ("RREAF"), is a privately held commercial real estate firm based in Dallas, Texas.  Upon information and belief, the members of RREAF are domiciliaries of Texas. RREAF may be served through its registered agent for service of process, David R. Cragle, 1909 Woodhall Rodgers Freeway, Third Floor, Dallas, Texas 75201.

3.      Defendant, Bradford Byram, LLC ("Bradford"), is a Delaware limited liability company. Upon information and belief, the members of Bradford are domiciliaries of Texas. Bradford may be served through its registered agent for service of process, Registered Agents, Inc., 270 Trace Colony Parkway, Suite B, Ridgeland, Mississippi  39157.

## II.
### JURISDICTION AND VENUE

4.      This Court has diversity jurisdiction over the parties, as complete diversity exists between the Petitioner and the Defendants, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.      This Court also has jurisdiction over the issues in this lawsuit under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure.   By this action, Seneca seeks a declaration that, under the Policies it issued to RREAF, Seneca has neither a duty to defend nor a duty to indemnify any party to this action with respect to the claims brought in the lawsuit entitled *Jane Doe v. Bradford Place Apartments II, LLP, et al.,* pending in the Circuit Court of the First Judicial District of Hinds County, Mississippi, as Civil Action No. 19-401 ("the Doe Lawsuit").

6.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claim occurred within this District and the Doe Lawsuit is pending in Hinds County, Mississippi.

## III.
### THE DOE LAWSUIT

7.      In June of 2019, Jane Doe filed an original Complaint in the Doe Lawsuit against a number of defendants.  In December of 2019, Ms. Doe filed an amended Complaint in the Doe Lawsuit asserting claims against RREAF, Bradford, and others for negligence in connection with an alleged attack and rape on June 4, 2018.

8.      According to her amended Complaint, Ms. Doe visited a friend at the Bradford Place Apartment Complex, located at 100 Byram Drive in Byram, Mississippi, on June 4, 2018.

9.      After visiting her friend, Ms. Doe asserts that she left the apartment and walked to

her car.  At some point, Ms. Doe realized that she left a phone charger and attempted to return to the apartment.

10.    While walking back to the apartment, Ms. Doe alleges that an unknown assailant grabbed her from behind and placed a gun to her back.  In fear of imminent danger, Ms. Doe asserts that she fainted and later woke up on the ground approximately 50 yards from where she was accosted.  After waking up, she then ran to her friend's apartment and called the police to report the attack and rape.

11.    Due to the alleged attack and rape, Ms. Doe seeks damages in the Doe Lawsuit that include (a) severe and permanent mental and physical pain and suffering; (b) emotional distress; (c) hedonic damages; (d) medical expenses; and (e) inconvenience.  Along with actual, compensatory, incidental, and consequential damages, Ms. Doe seeks an award of punitive damages for alleged reckless and or grossly negligent actions, omissions, and conduct of RREAF, Bradford, and others.

12.    RREAF tendered this action to Seneca and requested defense and indemnity under the terms of certain insurance policies issued by Seneca. After receiving notice of the Doe Lawsuit, Seneca notified RREAF and Bradford that it would provide a defense against the claims asserted in the Doe Lawsuit under a full reservation of rights, including the right to seek to seek a ruling from a court concerning coverage under the Policies.

**IV.**
**THE SENECA POLICIES**

13.    Seneca Insurance Company, Inc. issued Commercial General Liability Policy Number GLP4800554 ("the CGL Policy") with effective dates of October 12, 2017 to October 12, 2018 to RREAF Holdings, LLC and Foxgate Apartments.

14.    On March 20, 2018, the CGL Policy was amended to include Bradford Byram,

LLC on a Named Insured Extension Schedule.

15.     Under the terms of the Insuring Agreement, the CGL Policy provides coverage for "bodily injury" and "property damage" if "caused by an 'occurrence' that takes place in the 'coverage territory'":

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

\* \* \*

**SECTION I—COVERAGES**

**COVERAGE A—BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1.      Insuring Agreement**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  We will have the right and duty to defend the insured against any "suit" seeking those damages.  However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.  We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.  But:

**(1)**     The amount we will pay for damages is limited as described in SECTION **III**—Limits Of Insurance; and

**(2)**     Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or  settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

No other obligation or liability to pay sums or perform acts or perform acts or services is covered unless explicitly provided for under Supplementary Payments—Coverages **A** and **B**.

**b.**     This insurance applies to "bodily injury" and "property damage" only if:

**(1)**     The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)**     The "bodily injury" or "property damage" occurs during the policy period; and

**(3)**     Prior to the policy period, no insured listed under Paragraph **1.** of Section **II**—Who is An Insured and no "employee" authorized by you to give or receive notice of

4

an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part.    If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

                              *          *          *

16.    In turn, "occurrence' is defined in the CGL Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

17.    The Policy also contains the following "Limitation of Coverage to Designated Premises, Project or Operation" endorsement:

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION**

This endorsement modifies insurance provided under the following:

COMMERICAL GENERAL LIBAILITY COVERAGE PART

SCHEDULE

| |
|---|
| **Premises:** <br> Refer to schedule of locations on form # CG DS 01 |
| **Project or Operation:** |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations |

                              *          *          *

**A.**    If this endorsement is attached to Commercial General Liability Coverage Form **CG 00 01,** the provisions under this Paragraph **A.** apply:

    **1.**    Paragraph **1.b.** under **Section I – Coverage A – Bodily Injury and Property Damage Liability** is replaced by the following:

        **b.**    This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the

5

"coverage territory" only if:

**(1)** The "bodily injury" or "property damage":

**(a)** Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or

**(b)** Arises of the project or operation shown in the Schedule;

\* \* \*

18. Seneca Insurance Company, Inc. issued Commercial Umbrella Liability Policy Number CUP4800432 ("the Umbrella Policy") with effective dates of October 12, 2017 to October 12, 2018 to RREAF Holdings, LLC and Foxgate Apartments.

19. On March 20, 2018, the Umbrella Policy was amended to include Bradford Byram, LLC through an endorsement.

20. Under the terms of the Insuring Agreements, the Umbrella Policy provides coverage for "bodily injury" and "property damage" if "caused by an 'occurrence' that takes place in the 'coverage territory'":

### COMMERCIAL UMBRELLA LIABILITY COVERAGE FORM
\* \* \*
### INSURING AGREEMENTS
**I.    COVERAGE**

a.    We will pay on behalf of the "Insured" those sums in excess of the "Retained Limit" which the "Insured" by reason of liability imposed by law, or tort liability assumed by the 'Insured" under contract or agreement prior to the "Occurrence" , shall become legally obligated to pay as damages for:

1. "Bodily Injury" or "Property Damage" caused by an "Occurrence" that takes place in the Coverage Territory and the "Bodily Injury" or "Property Damage" occurs during the Policy Period stated in Item 2 of the Declarations,

a.    Prior to the Policy Period, no "Insured" under paragraph III.B. and III.C. NAMED INSURED AND INSURED, and no "Employee" authorized by you to give or receive notice of an "Occurrence" or "Claim", knew that the "Bodily Injury" or "Property Damage" had occurred, in whole or in part. If such an "Insured" or authorized "Employee" knew, prior to the Policy Period, that the

6

"Bodily Injury" or "Property Damage" occurred, then any continuation, change or resumption of such "Bodily Injury" or "Property Damage" during or after the Policy Period will be deemed to have been

\*        \*        \*

21.    In turn, "occurrence' is defined in the Umbrella Policy as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions that results in 'Bodily Injury' or 'Property Damage' that is not expected or intended by the 'Insured.'"

## V.
### DECLARATORY RELIEF

22.    The original and amended Complaint filed by Ms. Doe in the Doe Lawsuit do not allege an "occurrence" under the terms of the CGL Policy or Umbrella Policy.

23.    Under Mississippi law, sexual abuse is an inherently injurious act as to which the law will infer intent. Thus, regardless of how allegations are worded in a particular lawsuit, sexual abuse will be considered intentional conduct.

24.    Further, the term accident within the definition of "occurrence" refers to the nature of the act that caused the damages, regardless of whether the insured was the actor.

25.    Ms. Doe's claims for bodily injury in the Doe Lawsuit arise out of an alleged attack and rape, which do not constitute an "occurrence" under the CGL Policy or Umbrella Policy.

26.    Furthermore, to the extent the incident did not take place while the Plaintiff was on a covered premises, there is no coverage afforded under the CGL Policy based on the "Limitation of Coverage to Designated Premises, Project or Operation" endorsement.

27.    For these reasons, Seneca does not owe a duty to defend or indemnify any party for the claims and damages asserted in the Doe Lawsuit.

WHEREFORE, Petitioner, Seneca Insurance Company, Inc., prays that there be judgment in favor of Petitioner and against the Defendants, RREAF Holdings, LLC and Bradford Byram, LLC, declaring that there is no coverage under the CGL Policy or Umbrella Policy issued by Seneca to RREAF Holdings, LLC and Bradford Byram, LLC for the claims and damages asserted in the Doe Lawsuit, such that Seneca has no duty to defend or indemnity RREAF Holdings, LLC, Bradford Byram, LLC, or any other entity or person; for all costs and expenses allowed by law; and for all general and equitable relief that this Honorable Court deems fit.

Respectfully submitted,

s/ Patrick J. Schepens

_____

PATRICK J. SCHEPENS (#102577)
MATTHEW M. WILLIAMS (#102541)
GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
2510 14th Street, Suite 910
Gulfport, Mississippi 39501
Telephone:  (228) 214-4250
Facsimile:   (228) 214-9650
COUNSEL FOR SENECA INSURANCE COMPANY, INC.

8