UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SENECA INSURANCE COMPANY, INC.                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 3:20-CV-526-KHJ-LGI

RREAF HOLDINGS LLC; and                                          DEFENDANTS
BRADFORD BYRAM, LLC

ORDER

This matter is before the Court on cross-motions for summary judgment filed by Plaintiff Seneca Insurance Company, Inc.'s ("Seneca") [24] and Defendants' RREAF Holdings LLC and Bradford Byram, LLC's (collectively, "Defendants") [26]. For the following reasons, the Court denies Seneca's Motion for Summary Judgment and grants Defendants' Motion for Summary Judgment.

I.     Facts and Procedural History

This case presents an insurance-coverage dispute stemming from a lawsuit filed by Jane Doe in Hinds County Circuit Court. Pl.'s Compl. [1] ¶ 7. Ms. Doe asserted claims of negligence against RREAF Holdings LLC ("RREAF") and Bradford Byram, LLC ("Bradford") and others ("Doe Lawsuit"). *Id.* According to Ms. Doe's Amended Complaint ("Doe Complaint"), Bradford is the landlord/owner of Bradford Place Apartments. Doe Compl. [13] ¶ 6. She also claims that Bradford, along with RREAF, owned, operated, managed, and controlled the apartment complex. *Id.* ¶ 17.

Ms. Doe alleges she was visiting a friend at Bradford Place Apartments. [1] ¶ 8. Following the visit, she left the apartment and walked to her car. *Id.* ¶ 9. But she

went back to the apartment after realizing she forgot something. *Id.* On her way back to the apartment, an unknown assailant grabbed Ms. Doe from behind and placed a gun to her back. *Id.* ¶ 10. She alleges that she fainted and later woke up about 50 feet from where confronted. *Id.* After regaining consciousness, Ms. Doe alleges her dress and under garments were wet and her pelvic area was in pain. [13] ¶ 15. She then ran to her friend's apartment for help and reported the alleged attack and rape to the police. [1] ¶ 10.

As a result of the incident, Ms. Doe alleges she suffered bodily injuries, seeking damages for severe and permanent mental and physical suffering, emotional distress, hedonic damages, medical expenses, and inconvenience, as well as other actual, compensatory, incidental, and consequential damages. *Id.* ¶ 11. The Doe Lawsuit remains ongoing. *See* Exhibit 5 [26–5].

After receiving the Doe Complaint, RREAF reported it to Seneca, requesting defense and indemnity per the terms of certain insurance policies issued by Seneca. [1] ¶ 12. Seneca agreed to provide defense for the Doe Lawsuit but reserved the right to seek a court ruling as to the policies' coverage. *Id.* The policies include the Commercial General Liability Policy ("GCL") and the Umbrella Policy ("Umbrella") (collectively "Policies"). *Id.* ¶¶ 13–14, 18-19. Both Defendants are named insureds under the Policies. *Id.*

Seneca then filed its present Complaint for Declaratory Relief, seeking a declaration that there is no coverage under the Policies and that it has no duty to defend or indemnify. *Id.* ¶ 27. In response, Defendants asserted a counterclaim

2

along with its Answer, seeking declaratory relief that Seneca has a duty to defend and indemnify Defendants under the Policies for the Doe Lawsuit. Def.'s Answer [8] ¶ 1.

Seneca moves for summary judgment [24], seeking declaratory judgment that there is no coverage under the Policies, and so it does not have a duty to defend or indemnify Defendants. Defendants also move for summary judgment [26], asking the Court to declare that Seneca has a duty to defend and dismiss Seneca's indemnity claim as premature.

II.    Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if, under the applicable substantive law, 'its resolution could affect the outcome of the action.'" *Patel v. Tex. Tech Univ.*, 941 F.3d 743, 747 (5th Cir. 2019) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)). "An issue is 'genuine' if 'the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party.'" *Jones v. United States*, 936 F.3d 318, 321 (5th Cir. 2019) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

A party seeking to avoid summary judgment must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). This party must present more than "speculation, improbable inferences, or unsubstantiated assertions." *Jones*, 936 F.3d at 321 (quoting *Lawrence v. Fed. Home Loan Mortg.*

*Corp.*, 808 F.3d 670, 673 (5th Cir. 2015)). In analyzing a motion for summary judgment, the Court does not "weigh the evidence and determine the truth of the matter," *Klocke v. Watson*, 936 F.3d 240, 246 (5th Cir. 2019) (quoting *Anderson,* 477 U.S. at 249), but only determines whether there is a genuine issue for trial when viewing the evidence in the light most favorable to the party opposing summary judgment. *Duval v. N. Assur. Co. of Am.*, 722 F.3d 300, 303 (5th Cir. 2013).

III.   Analysis

Seneca asks the Court to declare that there is no duty to defend or indemnify Defendants in the Doe Lawsuit because the Policies exclude coverage for non-occurrences. *See* [24]. Likewise, Defendants also move for summary judgment, asking the Court to declare that Seneca has a duty to defend under the Policies and to dismiss all claims as to the duty to indemnify as premature. *See* [26] at 2. The dispositive question is whether an "occurrence" exists under the Policies, triggering Seneca's duty to defend or indemnify.

A. Interpreting Insurance Policies Under Mississippi Law

Federal courts sitting in diversity jurisdiction must apply the forum state's substantive law. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The parties do not dispute that Mississippi law applies to interpretation of the Policies. *See* [27] at 9 n. 2; [1] at 7. The Court thus looks to the substantive law of Mississippi to resolve the substantive legal issues presented.

Interpreting an insurance policy is a question of law, not of fact. *Corban v. United Servs. Auto. Ass'n*, 20 So. 3d 601, 609 (Miss. 2009). In Mississippi, insurance

policies are viewed as contracts, and thus are to be enforced according to their provisions. *Id.* Mississippi contract law provides that where a contract is clear and unambiguous, it must be interpreted as written, and the policy, along with all relevant clauses, are considered a whole. *Architex Ass'n, Inc. v. Scottsdale Ins. Co.*, 27 So. 3d 1148, 1157 (Miss. 2010). If ambiguities exist, they must be resolved in favor of the non-drafting party. *Id.* "Ambiguities exist when a policy can be logically interpreted in two or more ways, where one logical interpretation provides for coverage." *Id.* On the other hand, ambiguities do not exist just because the parties disagree over the interpretation of a policy. *Id.* Exclusion and limitation on coverage are also resolved in favor of the insured. *Id.*

So, at the summary judgment phase, the Court must first consider whether the Policies are ambiguous. *See S. Healthcare Servs., Inc. v. Lloyd's of London*, 110 So. 3d 735, 744 n. 3 (Miss. 2013). The Supreme Court of Mississippi has held that the term "accident" to define "occurrence" in a general commercial liability policy is sufficiently unambiguous for it to refer to the insured's action and not the unintended damages flowing from such act. *Allstate Ins. Co. v. Moulton*, 464 So. 2d 507, 510 (Miss. 1985). So, the Court must now decide whether Defendants' alleged conduct in the Doe Lawsuit constitutes an occurrence (i.e., an accident), triggering Seneca's duty to defend and indemnify.

B.  Duty to Defend

The parties dispute whether Defendants' conduct in the Doe Lawsuit constitutes an "occurrence" under the Policies, triggering coverage under the Policies (i.e., Seneca's obligation to defend and indemnify).

Defendants argue that the conduct in question is an occurrence under the Policies' language. *See* [26]. Because the Doe Complaint asserts that Defendants "negligently and unintentionally" failed to provide adequate security, adequate lighting, and safe premises, Defendants conclude such negligent omissions constitute an occurrence (i.e., accident) to trigger coverage. [27] at 13, 17. Additionally, to support their argument that an occurrence existed, Defendants assert that the Doe Complaint specifically alleges intervention by a third-party attacker, thus breaking the causal chain and keeping Defendants' coverage eligibility intact. *See* [27] at 13; Def.'s Resp. in Opp. of Pl.'s Mot. for Summ. J. [29] at 5; Def.'s Reply in Support of Mot. for Summ. J. [32] at 5.

But Seneca argues that the claims of negligence do not involve an accident, and therefore do not constitute an occurrence to trigger its duty to defend and indemnify. *See* Pl.'s Memo in Support of Mot. for Summ. J. [25] at 8; Pl.'s Resp. in Opp. to Def.'s Mot. for Summ. J. [30] at 2. Specifically, Seneca asserts that Ms. Doe's bodily injuries resulted from Defendants' intentional and volitional acts. *See* [25] at 11. Seneca further disagrees that coverage exists because of an intervening act by a third person. *See* Pl.'s Reply in Support of Mot. for Summ. J [31] at 2. Instead, Seneca asserts that the "chain of events" inquiry only excludes unexpected

6

intervention by a third party, and a claim resulting from intentional conduct which causes a foreseeable harm is not covered. *See id.*; Pl.'s Resp. in Opp. to Def.'s Mot. for Summ. J. [30] at 8. Seneca points out that Ms. Doe claims Defendants "knew or should have known" that the apartment complex had inadequate security and lighting, and strangers frequented the common areas. [30] at 9. Based on these allegations, Seneca asserts that the alleged incident was both foreseeable and expected, thus precluding a finding of coverage. *See id.*; [31] at 2–3.

In construing an insurer's duty to defend under an insurance policy in a declaratory judgment action, the Court examines the allegations in the complaint or the declaration in the underlying action, together with the policy. *United States Fid. & Guar. Co. v. Omnibank*, 812 So. 2d 196, 200 (Miss. 2002). The duty to defend is broader than the duty to indemnify, and thus an "insurer has a duty to defend when there is any basis for potential liability under the policy." *Merchants Co. v. Am. Motorists Ins. Co.*, 794 F. Supp. 611, 617 (S.D. Miss. 1992). No duty to defend arises, however, when the claims fall outside the policy's coverage. *Minn. Life Ins. Co. v. Columbia Cas. Co.*, 164 So. 3d 954, 970 (Miss. 2015). An insurer is relieved of its duty to defend when there is no genuine issue of material fact as to coverage based on the language of the policy, the complaint, and the relevant deposition testimony. *Auto. Ins. Co. of Hartford v. Lipscomb*, 75 So. 3d 557, 560–61 (Miss. 2011).

Coverage under the Policies is triggered by an "occurrence," which the Policies define as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." [1] ¶¶16, 21.

Seneca cites multiple Mississippi district court cases to support a finding of no occurrence. [25] at 8–10. Defendants, on the other hand, contend that those cases predate *Architex Ass'n, Inc. v. Scottsdale Ins. Co.*, 27 So. 3d 1148 (Miss. 2010). [29] at 7. And they assert that those cases rely on the since-rejected interpretation of "occurrence" stemming from the Fifth Circuit's misapplication of Mississippi law in *ACS Const. Co., Inc. of Miss. v. CGU*, 332 F.3d 885 (5th Cir. 2003). [29] at 7.

The insurance policies in the cases Seneca relies —*Burlington Ins. Co. v. Mother's Land, Inc.*, No. 3:06-cv-533-TSL-JCS, 2007 WL 9773725 (S.D. Miss. July 31, 2007), *Burlington Ins. Co. v. Pearl Foods, Inc., et al.*, No. 2:04-cv-345-KS-JMR, 2005 WL 8171310 (S.D. Miss. Nov. 10, 2005), and *Burlington Ins. Co. v. BAL Enters., LLC*, No. 2:07-cv-127-KS-MTP, 2008 WL 4426134 (S.D. Miss. Sept. 25, 2008)—define an occurrence as an accident. [25] at 8–10. In those cases, this Court found that the alleged negligence of the insureds in the underlying action was intentional and not accidental, and therefore did not constitute an occurrence triggering the insurer's duty to defend. *See Mother's Land*, 2007 WL 9773725, at *4; *Pearl Foods*, 2005 WL 8171310, at *3; *BAL*, 2008 WL 4426134, at *5. Seneca concludes that Ms. Doe's alleged injuries resulted from Defendants' intentional and volitional acts, such that there was no accident and thus no occurrence. [25] at 11.

8

Although the *Burlington* cases rely on settled Mississippi law set out in *Omnibank* and *Moulton*, they did not address and apply the Supreme Court of Mississippi's instruction about an accident set out in *Moulton*. There, the Supreme Court acknowledged that under the applicable policy, which is identical to the policy language here, an occurrence was defined as an accident, but accident was undefined. *Moulton*, 464 So. 2d at 508. Accordingly, the Supreme Court adopted this "accident" definition within the context of an insurance policy:

> The only relevant consideration is whether…a chain of events leading to the injuries complained of was set in motion and followed a course consciously devised and controlled by [the insured] without the unexpected intervention of any third person or extrinsic force.[1]

*Id.* at 509. The *Moulton* court clarified that there is no accident (i.e., no occurrence) if the harm for which recovery is sought resulted from the insured's intentional or deliberate actions, even if the insured did not intend such harm. *Id.* at 510. Simply put, Mississippi looks at the insured's actions, rather than the resulting damage, to decide whether an accident has occurred. *Id.*

Later, in *Omnibank* and *Architex*, the Supreme Court of Mississippi reaffirmed its holding in *Moulton*, applying the "only relevant consideration" inquiry to the facts. *See* 812 So. 2d at 201; 27 So. 3d at 1159. For these reasons, this Court concludes that the test promulgated in *Moulton* is dispositive.

---

[1] That is to say there is coverage unless the "chain of events leading to the injuries complained of were set in motion and followed a course consciously devised and controlled by the insured without the unexpected intervention of any third person or extrinsic force." *Architex*, 27 So. 3d at 1153-54.

That said, the Court holds that Seneca has a duty to defend because the Doe Complaint allegations are arguably within the Policies' coverage. The Complaint alleges that Defendants' inactions contributed to her attack and sexual assault. Her claims constitute an occurrence because she does not allege that Defendants consciously devised and controlled the course of events leading to her assault, nor does she allege Defendants expected a third party would enter the premises and attack her. *See Architex*, 27 So. 3d at 1159. She specifically alleges an unknown assailant attacked and raped her while she was walking back to the apartment. *See* [13] ¶ 15. "Intervention by a third party or extrinsic force is an event which cuts off negligence by the insured." *Evanston Ins. Co. v. Neshoba Fair Ass'n, Inc.*, 442 F. Supp. 2d 344, 349 (S.D. Miss. 2006) (applying Mississippi law) (internal quotations omitted).

The Court further finds Seneca's argument—that the alleged incident was both foreseeable and expected, precluding a finding of coverage—unpersuasive. Although the Doe Complaint says that Defendants knew or should have known that strangers frequented the apartment complex's common areas, it does not allege that Defendants had knowledge or an expectation that inadequate security, and other negligent conduct, would invite a third party to attack and rape a visitor. The Court finds that Defendants' alleged conduct constitutes an occurrence, triggering Seneca's duty to defend.

### C. Duty to Indemnify

Seneca contends that because it does not have a duty to defend, it does not have the duty to indemnify as the former is broader than the latter. *See* [30] at 14. Contrary to this argument, Defendants assert that whether Seneca has the duty to indemnify is premature because the duty to indemnify is decided at the end of the underlying action. *See* [27] at 21; [29] at 13.

The Fifth Circuit has held that Mississippi law recognizes the duty to defend and indemnify as "distinct and separate . . . [,] requiring the use of different standards." *E.g.*, *Estate of Bradley ex rel. Sample v. Royal Surplus Lines Ins. Co., Inc.*, 647 F.3d 524, 529 (5th Cir. 2011); *State Farm Mut. Auto. Ins. Co. v. LogistiCare Sol's, LLC*, 751 F.3d 684, 693 (5th Cir. 2014); *see also Titan Indem. Co. v. Pope*, 876 So. 2d 1096, 1101–02 (Miss. Ct. App. 2004). "Unlike the duty to defend, which can be determined at the beginning of the lawsuit, an insurer's duty to indemnify generally cannot be ascertained until the completion of litigation, when liability is established, if at all." *Estate of Bradley*, 647 F.3d at 531. This is because the duty to defend turns on the pleadings and policy, while the duty to indemnify "turns on the actual facts giving rise to liability in the underlying suit, and whether any damages caused by the insured and later proven at trial are covered by the policy." *Id.* So "an insurer may have a duty to defend but, eventually, no duty to indemnify." *Moeller v. Am. Guar. and Liab. Ins. Co.*, 707 So. 2d 10062, 1069 (Miss. 1996). If there is no duty to defend, however, there can be no duty to indemnify.

11

*Evanston Ins. Co.*, 442 F. Supp. 2d at 345 n. 1. Because the underlying Doe Lawsuit is pending, the Court cannot decide whether Seneca has a duty to indemnify.

The Court instructs the Clerk to administratively close this case. If necessary, the Court will reopen the case after the state court matter concludes to address indemnity.

IV. Conclusion

This Court has considered all arguments. Arguments not addressed in this Order would not have changed the outcome. For reasons stated, the Court DENIES Seneca's Motion for Summary Judgment [24], GRANTS Defendants' Motion for Summary Judgment [26], and DECLARES that Seneca has a duty to defend Defendants' in the state court action styled, *Jane Doe v. Bradford Place Apartments, II, LLP d/b/a Bradford Place Apartment, et al*, in the Circuit Court of the First Judicial District of Hinds County, Mississippi, Case No. 19-401. The Clerk will administratively close this case. And if necessary, the Court will reopen the case after the state court matter concludes to address indemnity.

SO ORDERED AND ADJUDGED this the 26th day of October, 2021.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE